# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JAMES BOSHART, individually and on behalf of all others similarly situated**                                                 **PLAINTIFF**

**V.**             **CIVIL ACTION NO. 3:14-CV-434-HTW-LRA**

**ARMSTRONG NATIONAL SECURITY FORCE, LLC; MICHAEL L. BYRD, individually**                                 **DEFENDANTS**

## ORDER

Before this court is a motion for conditional certification of a class and for court-approved notice [docket no. 14]. This motion, filed by plaintiff James Boshart, asks this court to conditionally certify this case as a collective action under the Fair Labor Standards Act, Title 29 U.S.C. § 216(b)[1], on behalf of all security guard employees who performed work for Armstrong National Security Force, LLC, and its owner, Michael L. Byrd, defendants herein.

Defendants Armstrong National Security Force, LLC and Michael L. Byrd oppose this motion, contending that plaintiff James Boshart has failed to demonstrate that similarly situated individuals exist. For the reasons that follow, this court agrees with the defendants.

---

[1] Title 29 U.S.C. § 216(b) states in its pertinent part:
> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

1

## I. BACKGROUND

James Boshart ("Boshart") is a security guard and the owner of a security company called "Customized Security & Investigations, LLC." From August 2013 to March 2014, Boshart worked for Armstrong National Security Force, LLC ("Armstrong"), which is a Mississippi limited liability company owned by Michael L. Byrd ("Byrd").

Based in Jackson, Mississippi, Armstrong provides security services to clients in Mississippi, Louisiana, and Alabama. According to Byrd, Armstrong contracts with sixty-five (65) to eighty-five (85) security guards. These guards, says Byrd, are independent contractors, and have various levels of experience, training, and certification.

Allegedly, Armstrong assigns jobs based on a guard's level of experience, skill, availability, and articulated desire for work; the guard, though, is not obliged to accept a specific assignment. Further, Byrd says that these guards are permitted to work for other security companies in addition to Armstrong. As evidence of such, defendants emphasize that Boshart, an experienced security guard, owns his own company and provides his own weapon, uniform, and other equipment. Armstrong denies that it trains its own security guards. Therefore, defendants contend that Boshart and any putative class members control the number of assignments they take, the days they work, and the amount of compensation they demand.

Boshart disagrees, contending that Armstrong improperly classified him as an independent contractor when actually he was an employee entitled to overtime wages under the Fair Labor Standards Act ("FLSA"), Title 29 U.S.C. § 207(a)(1)[2]. Boshart

---
[2] Title 29 U.S.C. § 207(a)(1) states:

2

pleads in his complaint that he frequently worked more than the statutory maximum of forty (40) hours a week. He explains that, as a security guard, he often was required to detain individuals; travel to police stations to execute criminal affidavits and press charges; and to attend criminal court hearings and testify. Boshart alleges that he and other Armstrong security guards were not compensated for the extra time they spent fulfilling these obligations.

In an affidavit accompanying the instant motion, Boshart asserts that the defendants exercised substantial control over his work, since they instructed him what work to perform, where to perform it, and when to perform it. Moreover, Boshart denies having the opportunity for profit or loss based on his work[3]; denies having engaged in competition on the open market; denies having control over the manner and method by which he was paid; and denies exercising independent judgment over scheduling, billing, marketing of his services, or managing of business affairs.

Lastly, in his affidavit, Boshart says that he has spoken with other alleged independent contractors hired by defendants and found that his experience with the company, his job duties and defendants' pay practices are similar to other employees classified as independent contractors. These alleged similarly-situated workers are the

---

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

[3] "Opportunity for profit or loss" is a term of art in labor and employment law. It refers a worker's ability to control the amount of profit he or she makes. *Eberline v. Media Net LLC*, 68 F.Supp.3d 619, 625 (S.D. Miss. 2014). For example, a worker may be paid a set hourly rate, but he may have more "opportunity for profit or loss" if that worker must invest a portion of his money towards paying for his own supplies and absorbing the costs of a particular line of work. *Id.*; *see also Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1313 (5th Cir. 1976).

targeted group for Boshart's motion for conditional class certification. Boshart, however, does not provide the names of these alleged similarly-situated co-workers, nor does he produce any affidavits of these co-workers.

## II.     JURISDICTION

Plaintiff invokes the subject-matter jurisdiction of this federal court under Title 28 U.S.C. § 1331[4], often referred to as "federal question jurisdiction." Under federal question jurisdiction, this court has the power to exercise subject-matter jurisdiction over a lawsuit if a plaintiff alleges some claim or right arising under the United States Constitution or federal law. Plaintiff here asserts a FLSA claim for overtime wages, which, under appropriate circumstances, are guaranteed to nonexempt employees under Title 29 U.S.C. § 207. Accordingly, since FLSA is a federal enactment, this court possesses subject-matter jurisdiction.

## III.     ANALYSIS

Upon enacting FLSA, Congress created a mechanism in Title 29 U.S.C. § 216(b) for employees to bring collective actions on behalf of similarly-situated employees:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

A FLSA collective action is distinct from the class actions described in Rule 23[5] of the Federal Rules of Civil Procedure. For instance, under Rule 23, "each person within

---

[4] Title 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[5] Rule 23 of the Federal Rules of Civil Procedure states, in its pertinent parts:

4

the description is considered to be a class member and, as such, is bound by [a court's] judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit." *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).  In contrast, a FLSA collective action is an "opt-in" lawsuit, in which the putative class members must affirmatively declare their intention to join the lawsuit.  *Id.*; Title 29 U.S.C. § 216(b). Before class members may opt-in to a collective action, though, the named plaintiff must file a motion for conditional certification of a class.

---

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
    **(1)** the class is so numerous that joinder of all members is impracticable;
    **(2)** there are questions of law or fact common to the class;
    **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
    **(4)** the representative parties will fairly and adequately protect the interests of the class.
**(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
    **(1)** prosecuting separate actions by or against individual class members would create a risk of:
        **(A)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
        **(B)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
    **(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
    **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
        **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
        **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
        **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
        **(D)** the likely difficulties in managing a class action.

Courts apply a two-stage certification process. *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 706 (2008). First, the court must determine whether to "conditionally certify" a class; this is referred to as the "notice" stage. *Id*. Based upon the pleadings and submitted affidavits, "the court must determine whether plaintiffs have met their burden to show that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id*. (internal quotations omitted). As this is only a "conditional certification," courts are usually lenient, recognizing that no discovery has occurred and subsequent evidence may prove or disprove the existence of a class. *Id*. at 706-07. Though the plaintiff's burden at this stage is not onerous, the plaintiff still must allege sufficient facts to demonstrate that potential plaintiffs exist who may wish to join the litigation. *Id.*

Should the plaintiff succeed in carrying this burden, the court will conditionally certify a class and issue notice to the putative class members, giving them the opportunity to opt-in. *Id*. at 706. Thereafter, the parties will engage in discovery. *Id.* At the close of discovery, the defendant may file a motion to "decertify the class." *Id.*

Upon the filing of a motion to decertify the class, the district court, with the benefit of evidence produced during discovery, will again consider whether the plaintiff has alleged sufficient facts to demonstrate that all claimants are similarly situated. *Id*. If the court determines that the claimants are similarly situated, the lawsuit may proceed to trial; if not, the district court will decertify the class and dismiss the opt-in plaintiffs. *Id.*

At present, this court finds itself at the notice stage, as Boshart has requested conditional certification of a class. Boshart's proposed class consists of security guards, employed by Armstrong, who have been improperly classified as independent

contractors and, as a consequence, denied overtime wages. Defendants Armstrong and Byrd challenge Boshart's proposed class, contending that Boshart has failed to show, beyond his conclusory allegations, that others are similarly situated and wish to join this litigation.

During the notice stage, Boshart was required to "make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Harris v. Hinds Cnty., Miss.*, 2014 WL 457913 at *2 (S.D. Miss. Feb. 4, 2014) (slip copy) (internal quotations omitted).

Boshart's offer of proof on these above points is his affidavit, wherein he provides only the following:

> 16. I have spoken with other alleged "independent contractors"[6] of Defendants' and found that my experience with the company, my job duties and Defendants' pay practices are similar to other employees classified as "independent contractors.' [sic] I have worked at fourteen (14) separate locations of Defendants in Mississippi.
> 17. Because of the amount of overtime pay that I did not receive, which was in the thousands of dollars, I believe that many of my security guard co-workers would join this lawsuit if they were aware of this case.

Boshart affidavit never identifies these alleged co-workers. This court, then, has no independent proof that these alleged individuals exist, are aggrieved, similarly situated, or desire to opt in this lawsuit. Additionally, the defendants contend that every

---

[6] Defendants also object to Boshart's use of his own affidavit on the grounds of Hearsay. *See* Fed. R. Evid. 802. Defendants contend that Boshart's affidavit improperly utilizes the out-of-court statements of unidentified co-workers. *See Hall v. Guardsmark, LLC,* 2012 WL 3580086 at *11 (W.D. Pa. Aug 17, 2012 ) ("[H]earsay should not be accepted in support of affidavits from the named plaintiffs for class certification").

Armstrong security guard is different—offering different skills, certification, and levels of training—thus requiring an extensive individualized inquiry and making this action inappropriate for class certification.

Under comparable circumstances, the district court in *Hall v. Burke*, 2002 WL 413901 *2 (N.D. Tex. Mar. 11, 2002) (unpublished), declined to conditionally certify a class when the plaintiff had not identified the potential plaintiffs:

> Some Courts have found class certification appropriate where potential Plaintiffs were identified. *See Garner & Karn v. G.D. Searle Pharmaceuticals,* 802 F.Supp. 418, 422 (M.D.Ala.1991). Other Courts have looked to affidavits of potential plaintiffs. *See Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 252 (M.D.Tenn.1996). Here, however, Plaintiff has not submitted affidavits or even names of potential Plaintiffs. Plaintiff's only proof of a widespread violation of the FLSA is the conclusory allegation that all the employees "were subjected to improper deductions from what should be their fixed salaries."

This court *sub judice* agrees with the reasoning of the district court in *Hall*. Admittedly, the standard for conditional certification is lenient; still, it is not a portal on shaky hinges which swings open to the touch of unsubstantiated, conclusory allegations masquerading as "proof." Boshart was tasked with making a minimal showing of competent evidence to persuade this court that other Armstrong security guards are similarly situated. Boshart has failed to carry that burden and, resultedly, this court must deny his motion to conditionally certify a class herein and issue court-approved notice.

**SO ORDERED AND ADJUDGED**, this, the 16th of February, 2016.

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**